IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIM H. HENRY,<br><br>        Plaintiff,<br><br>  v.<br><br>DAVID L. YOUNG, individually and in his Official capacity as Canyon County Prosecuting Attorney; GEORGE NOURSE, in his Official capacity as Canyon County Sheriff; CANYON COUNTY, a political subdivision of the State of Idaho; and John Does 1-5,<br><br>        Defendants. | Case No. CV-07-157-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it defendants' motion for summary judgment.  (Docket No. 8).  For the reasons expressed below, the Court grants the motion.

## BACKGROUND

In 2002, plaintiff Jim Henry was involved in a boundary dispute with his neighbors.  Cmplt.  ¶ 11.  According to Henry, defendant Nourse told Henry that he would be arrested unless he moved some vehicles that were located on the disputed property.  *Id.*  ¶ 15.  When Henry entered the property to move the vehicles, he was arrested for trespassing and resisting and obstructing arrest.  *Id.* ¶¶

**Memorandum Decision and Order - Page 1**

15-16.  On September 11, 2002, a jury convicted Henry of the two charges.  Davis

Aff., Exs. B, C thereto.

At some later point, a state court determined that the disputed property

belonged to Henry.  *See* Compl. ¶ 14.  Thereafter, on December 4, 2003, the

trespass charge against Henry was dismissed.  Davis Aff., Ex. F.[1]

On April 4, 2007, Henry filed this action.  Henry alleges federal civil rights

violations and a state law claim for emotional distress.

## ANALYSIS

### A.    Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) mandates summary judgment where

the moving party demonstrates no genuine issue of material fact exists and that it is

entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986).  A fact is "material" when, under the governing substantive law, it

could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986).  A "genuine" issue of material fact arises "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

The moving party bears the initial burden of demonstrating the absence of a

---

[1] Henry appealed both convictions, but the Idaho Court of Appeals affirmed the dismissal
of his appeal.  *See* Davis Aff., Exs. D, G.

**Memorandum Decision and Order - Page 2**

genuine issue of material fact for trial.  *Id.* at 256.  When the moving party meets its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial.  *Id.*  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed. R. Civ. P. 56(e).

**B.  Henry's Federal Claims**

Defendants argue that Henry's federal civil rights claims, alleged under 42 U.S.C. § 1983, are time barred.  Because § 1983 has no statute of limitations, federal courts borrow state statutes of limitations for personal injury actions.  *See, e.g., Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam).  Idaho's limitations period for personal injury actions is two years.  *See* Idaho Code Ann. § 5-219(4); *Hallstrom v. Garden City*, 991 F.2d 1473, 1476 (9th Cir. 1992).

Federal law, however, governs when "a cause of action accrues and the statute of limitations begins to run for a § 1983 claim."  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted).  Typically, a federal claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis for the action."  *Id.*  (citation and quotation omitted).  Thus, accrual depends on the substantive basis of the claim.

**Memorandum Decision and Order - Page 3**

*Cabrera v. Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

Henry alleges two fundamental wrongs:  (1) his May 2002 arrest, and (2) the subsequent prosecution of his case.

The statute of limitations on Henry's wrongful-arrest claim began to run in 2002, when he was arraigned.  *Cf. Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007) (Wrongful-arrest claim accrues when the victim is held pursuant to legal process, such as, "for example, [when] he is bound over by a magistrate or arraigned on charges.").  After a defendant is arraigned, he or she is no longer being held falsely, but pursuant to legal process.  *Id.*  As a result, any post-arraignment detention "forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process."  *Id.*  (internal citations omitted; emphasis in original).

The parties do not indicate precisely when Henry was arraigned, but he was arrested in May 2002 and convicted in September 2002.  Henry did not sue until four and one-half years later, in April 2007.  Henry's wrongful-arrest claim is therefore time barred.

Henry's claim that defendants maliciously prosecuted him is also time barred.  The two-year limitations period on this claim was triggered, at the very

**Memorandum Decision and Order - Page 4**

latest, on December 4, 2003, when the state dismissed the trespassing charge.[2]  *See*
Idaho Code Ann. § 5-219(4).  After that point, the County did not further pursue
the charges.  Because Henry did not sue until nearly three and one-half years after
the dismissal, his malicious-prosecution action is time barred.

## C.    Henry's State-Law Claims

In addition to his federal claims, Henry alleges a state-law claim for
"Intentional and/or Negligent Infliction of Emotional Distress."  Cmplt. ¶¶ 46-48.

### 1.    Statute of Limitations

The statute of limitations for Henry's emotional-distress claim is two years.
*See* Idaho Code Ann. 6-911; *Greenwade v. Idaho State Tax Comm'n*, 808 P.2d
420, 422 (Id. Ct. App. 1991) (tort claims alleged against government employees
fall within purview of Idaho's Tort Claims Act).

Henry has not demonstrated that any wrongful conduct occurred after
December 2003, when the state dismissed the trespassing charge.[3]  Because he did
not sue until April 2007, the emotional-distress claim is time barred.  *See* Idaho

---

[2]  Henry's complaint focuses mainly on his trespassing conviction.  He cannot make out a
claim for malicious prosecution on the obstruct-and-resist conviction, as that conviction has not
been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[3]  In his summary-judgment opposition (Docket No. 16), Henry referenced a July 11,
2005 "Post Conviction Decision in this matter" (*Id.* at 2) but did not provide any factual detail or
admissible evidence regarding such a decision.

**Memorandum Decision and Order - Page 5**

Code Ann. 6-911.

### 2.     Failure to Post a Bond

Summary judgment of Henry's emotional-distress claims against individual defendants Nourse and Young is appropriate for an additional reason:  Henry did not post the bond required by Idaho Code § 6-610(2).  That section provides, in relevant part:

> Before any civil action may be filed against any law enforcement officer . . . when such action arises out of, or in the course of the performance of his duty . . . the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

The term "law enforcement officer" includes sheriffs and prosecuting attorneys.  *See* Idaho Code Ann. § 6-610(1).  Further, "[w]hen the defendant . . . excepts to the plaintiff's . . . failure to post a bond under this section, the judge shall dismiss the case."  Idaho Code Ann. § 6-610(5).  Defendants objected to Henry's failure to post a bond in their answer.  (*See* Docket No. 6, at 8).  Dismissal of Henry's state-law claims against these defendants is thus mandatory.  Idaho Code Ann. § 6-610(5); *Greenwade*, 808 P.2d at 422-23.

**Memorandum Decision and Order - Page 6**

## ORDER

Defendants' motion for summary judgment (Docket No. 8) is GRANTED.

Defendants' request for judicial notice (Docket No. 8, Part 4, at 2 n.3) is GRANTED.

DATED: **April 15, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - Page 7**